UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEPHON P.,

                Plaintiff,

   v.                                      5:24-CV-1193
                                                   (GTS/DJS)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**APPEARANCES:**

| | |
|---|---|
| HILLER COMERFORD INJURY<br>& DISABILITY LAW<br>Attorney for Plaintiff<br>6000 North Bailey Avenue - Suite 1A<br>Amherst, New York 14226 | JUSTIN M. GOLDSTEIN, ESQ.<br>ELIZABETH HAUNGS, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF GENERAL COUNSEL<br>Attorney for Defendant<br>6401 Security Blvd.<br>Baltimore, Maryland 21235 | CANDACE BROWN CASEY, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION AND ORDER[1]

     Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt.

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(e).

No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 14, 18, & 19. For the reasons set forth below, the Court recommends that Plaintiff's Motion for Judgment on the Pleadings be granted and Defendant's Motion be denied.

## I. RELEVANT BACKGROUND

### A. Background

Plaintiff was born in 1990. Dkt. No. 7, Admin. Tr. ("Tr."), p. 73. Plaintiff reported having completed seventh grade. Tr. at p. 2205. Plaintiff applied for supplemental security income benefits in January 2017. *See* Tr. at p. 9. His alleged disability onset date was ultimately amended to January 20, 2017. Tr. at p. 31. Plaintiff alleged disability based upon problems involving anxiety, depression, sleep apnea, back issues, memory loss, and attention deficit disorder. Tr. at p. 268. Plaintiff's application was initially denied in March 2017. Tr. at pp. 73-84. Following several administrative hearings and several remands from this Court, a third hearing before an Administrative Law Judge ("ALJ") took place on April 4, 2024, at which Plaintiff and a vocational expert testified. Tr. at pp. 2197-2226. On May 21, 2024, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 2164-2189.

### B. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity

since January 20, 2017, the amended alleged onset date. Tr. at p. 2167. Second, the ALJ found that Plaintiff had the following severe impairments: "depressive disorder, anxiety disorder, schizoaffective disorder, attention deficit hyperactivity disorder, learning disorder, asthma, and mild intellectual disorder." *Id.* Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 2168. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform:

> a full range of work at all exertional levels, but with the following nonexertional limitations: the claimant can understand, remember, and carry out simple instructions; the claimant can use judgment to make simple work-related decisions; the claimant should work in a job with occasional changes in the routine work setting; the claimant cannot perform work requiring a specific production rate or perform work that requires hourly quotas; the claimant could have occasional interaction with supervisors and co-workers, but no interaction with the public; and the claimant should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation.

Tr. at p. 2174. Fifth, the ALJ found that Plaintiff had no past relevant work. Tr. at p. 2187. Sixth, the ALJ found that based upon Plaintiff's age, education, and functional abilities there are jobs in the national economy Plaintiff could perform. Tr. at pp. 2187-2189. As a result, the ALJ found that Plaintiff was not disabled. Tr. at p. 2189.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health &*

3

*Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."

4

*Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff generally argues that the ALJ erred in her evaluation of various medical opinions. First, he contends that the ALJ improperly relied on the opinion of Dr. Nobel, a state agency review doctor. Dkt. No. 14, Pl.'s Mem. of Law at pp. 12-15. Second, he objects that the ALJ gave too little weight to the opinion of Dr. Shapiro. *Id.* at pp. 15-18. Third, Plaintiff claims the ALJ erred in rejecting opinions from a social worker and Dr. Hines. *Id.* at pp. 18-20. Finally, he objects to the ALJ's consideration of opinions from Plaintiff's counselors. *Id.* at pp. 21-23. Defendant maintains that the ALJ properly considered the opinions in question and that her opinion was well-supported by substantial evidence. Dkt. No. 18, Def.'s Mem. of Law at pp. 3-20. Having reviewed the record, the Court recommends that the matter be remanded for further consideration of the medical opinion evidence.

Under the applicable Social Security regulations, "the Commissioner is obligated to consider all medical opinions and evaluate their persuasiveness based on the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, with particular importance placed

6

upon consistency and supportability." *Jason R. v. Comm'r of Soc. Sec.*, 2024 WL 4839356, at *3 (W.D.N.Y. Nov. 19, 2024). "To allow a reviewing court to trace the path of an ALJ's reasoning, an ALJ is required to explain their consideration of the supportability and consistency factors by pointing to specific evidence in the record to support the ALJ's findings regarding medical opinions." *Id.*

"In all cases the ALJ is required to provide rationale in the written decision sufficient to allow a reviewing court to conduct an adequate review of his findings." *Pamela P. v. Saul*, 2020 WL 2561106, at *4 (N.D.N.Y. May 20, 2020). "Although under the new regulations the ALJ is not required to give specific evidentiary weight to a particular medical opinion, he is still required to articulate how he considered the medical opinion." *Jaleesa H. v. Comm'r of Soc. Sec.*, 2022 WL 174337, at *5 (W.D.N.Y. Jan. 18, 2022). A review of the ALJ's articulation of weight given to various opinions raises questions that warrant reconsideration and further explanation on remand.

The ALJ gave "the most weight" to a March 2017 mental assessment by Dr. Nobel, a state agency review psychologist. Tr. at p. 2183. The ALJ explained that in doing so she was crediting Dr. Nobel's specific programmatic knowledge and the fact that the opinion was "based upon a review of all relevant medical evidence and opinions in the claim *at the time* he rendered his opinion." *Id.* (emphasis added). As Defendant points out, this statement was true, but the Court agrees that it alone was an insufficient basis for providing this opinion the most weight. Plaintiff's amended disability onset

date was January 20, 2017. Tr. at p. 2164. Dr. Nobel's report was issued just two months later, and it appears to be undisputed that it relied solely on medical records and opinions that predated the operative onset date. *See* Pl.'s Mem. of Law at p. 14 (citing relevant records). While Dr. Nobel was obviously constrained to basing his opinion on the information available at the time, the Court does have concerns on placing the "most" weight on an opinion issued several years before the vast majority of relevant opinions in the record were even issued. Contrary to Plaintiff's suggestion, *id.*, the existence of subsequent medical records and opinions did not automatically render Dr. Nobel's opinion stale. *Hernandez v. Comm'r of Soc. Sec.*, 2020 WL 13557912, at *5 (W.D.N.Y. Jan. 14, 2020) (citing *Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. 2016)). They did, however, require the ALJ to evaluate the Nobel opinion in light of the entire record. *See Michael T. v. O'Malley*, 2024 WL 4023246, at *7 (W.D.N.Y. Sept. 3, 2024) (noting ALJ's obligation to review entire record when state agency doctors have not done so). The Court agrees with Plaintiff that in light of numerous contrary opinions and intervening changes in Plaintiff's objective records, it is not clear whether the ALJ properly considered the record in concluding that Dr. Nobel's opinion should be afforded the "most weight."

The Court also recommends remand based on the ALJ's consideration of Dr. Shapiro's January 2019 opinion which the ALJ afforded "little weight." Several aspects of the ALJ's analysis are problematic in the context of her overall opinion. First, she appears to have rejected Dr. Shapiro's reliance of certain intelligence testing over

"objective clinical findings" that Dr. Shapiro made after meeting with Plaintiff. Tr. at p. 2184. The ALJ offered no explanation as to why the intelligence testing results were not considered objective evidence on which Dr. Shapiro could rely. The ALJ also appears to have discounted the testing relied upon by Dr. Shapiro because of a sharp scoring drop between two sets of test that, in the ALJ's view, there was nothing in the record to explain. "What the ALJ did here was rely on [her] own lay opinion to reject the . . . existing IQ test score. [The] the Social Security regulations do not permit this." *Anthony L. v. Comm'r of Soc. Sec.*, 2025 WL 44063, at *4 (W.D.N.Y. Jan. 8, 2025). Finally, the Court notes that Dr. Shapiro's 2019 opinion appears to have been discounted because he "did not have the opportunity to review any of claimant's treating records from his mental health providers." Tr. at p. 2184. As noted above, the state agency review doctor also did not have this opportunity, but his opinion was given the most weight. Tr. at p. 2183. No explanation for the contradiction is offered.

For these reasons, the Court recommends that the matter be remanded.[2]

### IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

---

[2] Given that these errors warrant remand, the Court has not addressed Plaintiff's remaining arguments.

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **REVERSED** and the matter be **REMANDED pursuant to section four** for further proceedings; and it is

**ORDERED,** that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: July 3, 2025
  Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge